James FOUNTAIN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 5, 1975.

As Modified Oct. 3, 1975.

Jack Emory Farley, Public Defender, Paul F. Isaacs, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., William W. Pollard, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

James Fountain was indicted on three counts of armed robbery and as an habitual criminal. A Daviess Circuit Court jury found Fountain guilty on each of the three counts of armed robbery and imposed a penalty of life imprisonment on each count. The jury did not mention the habitual criminal charge in its verdict.

The trial court granted Fountain a belated appeal. We dismiss the appeal *sua sponte.*

The only significance in this belated appeal is the display of energetic irresponsibility on the part of the public defender's office. In the first attempt to appeal the case the office of public defender failed to file a timely record. In the motion to file a late record, they asserted they were not negligent but only just received the transcript of evidence. The record shows that the transcript was filed in the circuit clerk's office some ten days before the filing deadline. The motion to file a late record was denied, and the appeal was dismissed. Next Fountain filed a motion for a belated appeal in the Daviess Circuit Court. His motion, in the form of an affidavit prepared by the public defender's office, asserted that he was entitled to a belated appeal because of ineffective assistance of counsel in negligently failing to file a timely record on appeal.

On the one hand, the public defender's office tells us they were not negligent in failing to file a timely record on appeal; and on the other hand on the motion for a belated appeal, they assert their own negligence as ineffective assistance of counsel in

failing to file a timely record on appeal. They cannot have it both ways. We are of the opinion that the conduct of the office of public defender is patently irresponsible.

 Out of curiosity we have reviewed the record. Fountain received not only a fair trial, but a trial absolutely free of error. He does not assert any error in the trial. His only argument for reversal is that he was denied due process by being tried as an habitual criminal and not receiving a bifurcated trial. The argument for reversal is incomprehensible to us. The jury verdict afforded him more favorable treatment than that for which he contends on this appeal. Even Fountain's brief recognizes that he presently stands acquitted on the habitual criminal charge.

The jury was instructed on the habitual criminal charge, but the form verdict given to the jury (apparently through oversight) did not contain a form of verdict for this charge, and the jury did not return a verdict thereon. Fountain should count himself fortunate that this oversight occurred although he apparently is determined to have a new trial, which in the light of the evidence would undoubtedly result in a conviction on the habitual criminal charge.

To sum it up, the irresponsible conduct of the public defender's office in presenting us this belated appeal shows a waste of public funds in procuring a transcript of evidence which was not used, nor was it useful in any respect in that they argue a point of law which they had already won as a result of the jury's verdict, an argument totally without merit in view of the many decisions of this court on the subject.

The appeal is dismissed *sua sponte*.